UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
Tommy R. McGuire,

                Petitioner,

        - against -

JULIE JONES, Secretary, Florida Department
of Corrections; PAM BONDI, Attorney
General, State of Florida, et al.,

                Respondents.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-7185 (PKC)

PAMELA K. CHEN, United States District Judge:

Tommy R. McGuire ("Petitioner") commenced the above-captioned *pro se* action in which

he asks this Court to overturn an August 1, 2003 decision of the U.S. District Court for the Middle

District of Florida denying his petition for a writ of habeas corpus. (*See generally*, Compl.) For

the reasons that follow, the action is dismissed.

Petitioner styles his submission as requesting "Relief from Judgement Petition for New or

Independent Action" pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Compl. at

ECF[1] 1.) From the petition and attached exhibits, the Court gleans the following facts. On

March 4, 1999, Petitioner was sentenced to 30 years' imprisonment in the Florida Department of

Corrections. (*Id.* at 40.) He subsequently filed a petition for a writ of habeas corpus, pursuant to

28 U.S.C. § 2254, in the U.S. District Court for the Middle District of Florida. (*Id.* at 17-23.) That

court denied the petition on August 1, 2003. (*Id.* at 23.) Several years later, Petitioner submitted

a document to the U.S. District Court for the Middle District of Florida titled "Rule 60(b) Petition

as Independent Action," in which he sought to challenge the August 1, 2003 decision on the basis

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing
system and not the document's internal pagination.

of "extrinsic fraud of the court" that was "perpetrated on the state court" by his trial counsel. (Compl. at 6, 9.) The court denied that motion on June 20, 2011. (*Id.* at 45-49.)

Having brought his grievances to the Eastern District of New York, Petitioner now asserts that the U.S. District Court for the Middle District of Florida did not have personal jurisdiction over his habeas petition and asks this Court to independently review that court's rulings. (Compl. at 1.) In support of his argument, Petitioner cites *Covington Industries, Inc. v. Resintex A.G.*, 629 F.2d 730 (2d Cir. 1980), which upheld a district court's ability to vacate another court's entry of default judgment where the other court lacked personal jurisdiction over the party against whom default judgment was entered. *Id.* at 732–33. Petitioner's reliance on this case is misplaced, as there is no doubt that the U.S. District Court for the Middle District of Florida had jurisdiction to issue the rulings that Petitioner seeks to challenge.

A prisoner challenging his custody pursuant to a state court judgment must file that challenge "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 495 (1973) ("Read literally, the language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian."). Both Columbia County, where Petitioner was convicted, and Suwannee County, where Petitioner is in custody, are located within the Middle District of Florida. 28 U.S.C. § 89(b). Thus, Petitioner's original choice of forum in which to bring his § 2254 petition was correct. The Eastern District of New York does not have jurisdiction over Petitioner's challenge to his Florida conviction. *See Rossney v. Travis*, No. 00-CV-4562, 2003 WL 135692, at *6 n.5 (S.D.N.Y. Jan. 17, 2003) ("Under § 2241(d) the district wherein a petitioner is incarcerated and the district in which the petitioner was convicted have concurrent jurisdiction

over an application for a writ of habeas corpus by a person in custody under the judgment and sentence of a state court of a state containing two or more judicial districts.").

When a case is filed in a federal district in which venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Although this action could have been brought in the Middle District of Florida, the Court notes that Petitioner specifically requested that this action not be transferred to that venue. (Compl. at 1.) In light of this request, the Court will dismiss this action.

As this Court does not have jurisdiction to grant the remedy Petitioner seeks, this action is dismissed. A certificate of appealability shall not issue as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: January 13, 2019
 Brooklyn, New York